IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY R. PERRY,<br>Petitioner, | )<br>)<br>) | |
| v. | )<br>) | No. 3:15-CV-1127-L |
| LORIE DAVIS, Director, TDCJ-CID,<br>Respondent. | )<br>)<br>) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

### I.  Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He

challenges his conviction for aggravated robbery of an elderly person.  *State of Texas v. Gregory*

*R. Perry*, No.   (Mar. 31, 2002, Dallas County, Tex., Mar. 3, 2002).  Petitioner was sentenced to

forty-five years in prison.

On April 8, 2003, the Fifth District Court of Appeals affirmed the conviction and

sentence.  *Perry v. State*, No. 05-02-00500-CR, 2003 WL 1818136 (Tex. App. – Dallas 2003, no

pet.).  Petitioner did not file a petition for discretionary review.

On October 24, 2003, Petitioner filed a state habeas petition challenging his conviction.

*Ex parte Perry*, No. 59,942-01.  On September 22, 2004, the Court of Criminal Appeals denied

Petitioner's claims challenging the conviction, and dismissed Petitioner's claims challenging his time credits.

On December 3, 2004, Petitioner filed a second state habeas petition. *Ex parte Perry*, No. 59,942-02. On April 13, 2005, the Court of Criminal Appeals dismissed the petition as a subsequent writ. On August 25, 2005, Petitioner filed a third state habeas petition. *Ex parte Perry*, No. 59,942-04. On May 3, 2006, the Court of Criminal Appeals dismissed the petition as subsequent.

On September 1, 2006, Petitioner filed a motion for continuance in federal court. *Perry v. Quarterman*, No. 3:06-CV-1656-N (N.D. Tex.). The motion sought to extend the limitations period to file a § 2254. On October 12, 2006, the district court dismissed the petition for lack of jurisdiction.

On August 28, 2012, Petitioner filed a fourth state habeas petition. *Ex parte Perry*, No. 59,942-05. On November 21, 2012, the Court of Criminal Appeals dismissed the petition as subsequent. On June 25, 2014, Petitioner filed another state habeas petition. *Ex parte Perry*, No. 59,942-06. On October 8, 2014, the Court of Criminal Appeals dismissed the petition as subsequent.

On April 7, 2015, Petitioner filed the instant § 2254 petition. He argues:

1.      His conviction violated the Interstate Agreement on Detainers Act;

2.      The trial judge had a duty to grant relief because it was a ministerial act; and

3.      He received ineffective assistance of trial and appellate counsel.

On October 8, 2015, Respondent filed a preliminary response arguing the petition is time-barred. On February 5, 2015, Petitioner filed a reply. The Court now finds the petition should be

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

dismissed as barred by the one-year statute of limitations.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA

governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism

and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by
> the conclusion of direct review or the expiration of the
> time for seeking direct review;
>
> (B)     the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State
> action;
>
> (C)     the date on which the constitutional right
> asserted was initially recognized by the Supreme Court,
> if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on
> collateral review; or
>
> (D)     the date on which the factual predicate of the
> claim or claims presented could have been discovered
> through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

On April 8, 2003, the Fifth District Court of Appeals affirmed the conviction and sentence. Petitioner did not file a petition for discretionary review. His conviction therefore became final thirty days later, on May 8, 2003. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until May 8, 2004, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner filed his first state habeas petition on October 24, 2003. This petition tolled the limitations period for 334 days, until it was denied by the Court of Criminal Appeals on September 22, 2004. When 334 days were added to the May 8, 2004, AEDPA deadline, the new deadline became April 7, 2005. On December 3, 2004, Petitioner filed a second state habeas petition. This petition tolled the limitations period for 132 days, until it was dismissed by the Court of Criminal Appeals on April 13, 2005. When 132 days were added to the April 7, 2005, deadline, the new deadline became August 18, 2005.

Petitioner filed his third state petition on August 25, 2005. This petition did not toll the limitations period because it was filed after the limitations period expired.

Petitioner was required to file his federal petition by August 18, 2005. He did not file his petition until April 7, 2015. The petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling. His petition should therefore be dismissed as time-barred.

## III.  Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this ⁓ day of ⁓, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).