IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GREGORY R. PERRY,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:15-CV-1127-L** |
| § | |
| **LORIE DAVIS, Director**, § | |
| **Texas Department of Criminal Justice**, § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

### **ORDER**

On August 2, 2016, Magistrate Judge Paul D. Stickney entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court deny the habeas petition filed in this case pursuant to 28 U.S.C. § 2254 and dismiss with prejudice the action as time-barred. The magistrate judge further determined that Petitioner has not established exceptional circumstances justifying equitable tolling. Petitioner sought and was granted an extension to file objections to the Report and, on September 13, 2016, Petitioner's objections to the Report were docketed.

Having reviewed the pleadings, file, record in this case, and Report, and having conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections, **denies** the Petition for Writ of Habeas Corpus, and **dismisses with prejudice** this action as barred by applicable statute of limitations.

Order – Page 1

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability (Doc. 21).[1]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the Report filed in this case.  In the event that Petitioner files a notice of appeal, he may proceed IFP on appeal.

**It is so ordered** this 6th day of October, 2016.

Sam A. Lindsay
United States District Judge

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)**    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.